## LIABILITY FOR LEVY ON EXEMPT PROPERTY.

### Circuit Court of Cuyahoga County.

### THE AMERICAN SURETY COMPANY v. THE AMERICAN BONDING COMPANY.

### Decided, June 7, 1910.

*Constable's Official Bond and Indemnity Bond—Defense of Surety on Latter Against Claim of Surety on Former.*

In an action by a surety on a constable's official bond, who has been obliged to pay a judgment obtained against the constable for levying upon exempt property, brought against the surety on an indemnity bond given the constable by the judgment creditor to protect the constable from damages for levying upon exempt property, the surety on the indemnity bond may defend on the ground that the constable refused to restore exempt property to the judgment debtor, when directed so to do by the judgment creditor, principal on the indemnity bond.

*T. F. Quigley* and *H. A. Couse,* for plaintiff in error.
*M. B. & H. H. Johnson,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. In a previous action there one Himmelfarb recovered a verdict and judgment of five hundred dollars against the bonding company, defendant in error here, upon a constable's official bond on which it was the surety. Thereupon the bonding company recovered a like judgment against the surety company, plaintiff in error here, on an indemnity bond, executed and delivered by said surety company to said constable to protect him against loss from levy, etc., which he was then asked to make, and afterwards did make upon the goods and chattels of said Himmelfarb, and because of which the said judgment on his official bond was recovered.

The verdict and judgment against the surety company were recovered by direction of the court at the conclusion of all the evidence, upon the theory that the liability on the first bond was

fully covered by the terms of the second. But the answer alleges, and the evidence tends to show, that the party who had caused the constable to make the levy and who had furnished him the indemnity bond, instructed him to restore to Himmelfarb certain of the goods and chattels, so levied upon, which were claimed by Himmelfarb as exempt; but that the constable in violation of said instructions, failed and refused to return said property.

The constable's liability for levying upon exempt property was clearly covered by each bond, and was expressly counted upon in the action upon his official bond. But the indemnity afforded by the second bond is of course subject to the defense that the constable refused to restore such exempt property at the request of him for whom he had made the levy.

The constable's excuse for failure to restore the property is that Himmelfarb's representative, claiming that a part of it was missing, refused to receive any of it, when tendered back. The insufficiency of this excuse was of course adjudicated in the action upon the official bond. The issue of fact as to the alleged disobedience by the constable of the instruction given by his principal should have been submitted to the jury, and it was therefore error for the court below to direct the verdict for the plaintiff below. For this error the judgment of the court of common pleas is reversed and the cause remanded.